**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Willie Jones,

                    Petitioner,            Case No. 26-cv-10834

v.                                         Judith E. Levy
                                           United States District Judge

People of the State of Michigan,

                    Respondent.            Mag. Judge Anthony P. Patti

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE**
**PETITION FOR A WRIT OF HABEAS [1], DECLINING TO ISSUE**
**A CERTIFICATE OF APPEALABILITY, AND DENYING**
**PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Willie Jones, currently residing at a residence in Detroit,

Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254. Petitioner challenges his 2003 conviction for fourth-

degree criminal sexual conduct. For the reasons that follow, the petition

for a writ of habeas corpus is SUMMARILY DISMISSED.

**I. Background**

Petitioner pleaded no contest to fourth-degree criminal sexual

conduct in the Wayne County Circuit Court as part of a plea bargain. On

February 10, 2003, he was sentenced to 8 months to 2 years imprisonment. (ECF No. 2, PageID.26.) Petitioner's conviction was affirmed on appeal. *People v. Jones*, No. 253720 (Mich. Ct. App. Aug. 18, 2004); *leave denied*, 472 Mich. 879 (2005).

Petitioner filed his first habeas petition before this Court in 2005. The petition was dismissed without prejudice because Petitioner failed to exhaust his claims with the state courts at the time he filed his petition. *Jones v. Jones*, No. 05CV73905DT, 2005 WL 3071960 (E.D. Mich. Nov. 14, 2005) (Battani, J.).

Petitioner filed a second habeas petition with this Court in 2008. The petition was dismissed because Petitioner was no longer in custody for his fourth-degree criminal sexual conduct sentence, having been discharged from the custody of the Michigan Department of Corrections on June 4, 2004. *Jones v. Michigan*, No. 08-10821, 2008 WL 660063, at *1–2 (E.D. Mich. Mar. 10, 2008) (Duggan, J.).

Petitioner has now filed the current habeas petition, in which he again seeks habeas relief from his 2003 conviction for fourth-degree criminal sexual conduct. Petitioner, in fact, has now refiled his 2005

2

petition as a new habeas petition, which is now before the Court. (ECF No. 1, PageID.1; ECF No. 2, PageID.26.)

## II. Analysis

Petitioner cannot challenge his 2003 conviction for fourth-degree criminal sexual conduct because his sentence expired in this case.

The language of 28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). A habeas petitioner is no longer "in custody," for purposes of a conviction imposed, after the sentence on that conviction has fully expired. *Id.* at 492–93; *see also Clemons v. Mendez*, 121 F. Supp. 2d 1101, 1102–03 (E.D. Mich. 2000). The "in custody" requirement is jurisdictional. *See Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018). If a habeas petitioner is not in custody when he files a habeas petition, the Court "may not consider it." *Id.* Because Petitioner's sentence has expired on his 2003 conviction, he is no longer in custody on this conviction. Thus, the Court lacks subject matter jurisdiction over his habeas petition with respect to this conviction. *See Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001).

3

Additionally, once a habeas petitioner's sentence for a conviction has completely expired, the collateral consequences of that conviction are insufficient to render a habeas petitioner "in custody." *Clemons*, 121 F. Supp. 2d at 1102–03. The collateral consequences of a conviction, such as the inability to vote, engage in certain businesses, hold public office, or serve on a jury are insufficient to satisfy the "in custody" requirement under the habeas statute. *See Leslie v. Randle*, 296 F.3d 518, 522 (6th Cir. 2002). Likewise, any registration requirements of Michigan's sex offender statute does not amount to being "in custody." *See Corridore v. Washington*, 71 F.4th 491, 501 (6th Cir. 2023) (holding that Michigan's Sex Offenders Registration Act's requirements are insufficient for a finding that a habeas petitioner is in custody).

## III. Conclusion

The petition for a writ of habeas corpus (ECF Nos. 1, 2) is DISMISSED WITH PREJUDICE. The Court will also DENY a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A certificate of appealability may be issued "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254.

When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court denies Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether the Court was

correct in determining that Petitioner failed to meet the "in custody" requirement for maintaining a habeas action with respect to his conviction. *See, e.g.*, *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2nd Cir. 2006). The Court also DENIES Petitioner leave to appeal *in forma pauperis*, because any appeal would be frivolous. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

IT IS SO ORDERED.

Dated: April 6, 2026                              s/Judith E. Levy
Ann Arbor, Michigan                          JUDITH E. LEVY
                                                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 6, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

6